UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONNECTICUT VETERANS LEGAL CENTER, ET AL., :<br>    *Plaintiffs*, :<br>:<br>v. :<br>:<br>DEPARTMENT OF DEFENSE, :<br>    *Defendant*. : | Case No. 3:23-CV-408 (KAD)<br><br><br><br>May 19, 2023 |

## ANSWER AND AFFIRMATIVE DEFENSES

The Defendant, United States Department of Defense ("DoD"), answers Plaintiffs Connecticut Veterans Legal Center ("CVLC") and Stronghold Freedom Foundation ("SFF") (collectively, "Plaintiffs") complaint (the "Compl."), ECF 1, seeking agency records pursuant to the Freedom of Information Act ("FOIA"):

## COMPLAINT

1-7.     The paragraphs numbered 1 through 7 of the Complaint contain Plaintiffs' characterization of this lawsuit and conclusions of law, for which no response is required. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs numbered 1 through 7 of the Complaint.

8.     Defendant admits that Plaintiffs requested documents from DoD components pursuant to FOIA.   The remainder of Paragraph 8 contains legal conclusions for which no response is required.

9-10.     The Paragraphs numbered 9 and 10 contain Plaintiffs' characterization of this lawsuit and conclusions of law for which no response is required.  To the extent a

response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs numbered 9 and 10.

## JURISDICTION AND VENUE

11. Paragraph 11 consists solely of a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that the court has jurisdiction pursuant to 5 U.S.C. § 552 and 28 U.S.C. § 1331. Defendant denies that the court has jurisdiction pursuant to 28 U.S.C. § 1361.

12. Paragraph 12 sets forth Plaintiffs' assertion of venue, and thus consists solely of a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation and, given this FOIA action is brought by two plaintiffs, venue might be proper under 5 U.S.C. § 552 (a)(4)(B) in multiple districts, including Arizona, Connecticut, and the District of Columbia.[1]

## PARTIES

13-14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 13 and 14.

15. Admit.

## FACTUAL ALLEGATIONS

16-73. The paragraphs numbered 16 through 73 of the Complaint contain a characterization of this lawsuit and conclusions of law, for which no response is required. The paragraphs do not set forth allegations related to the claim for relief for which an answer is required. To the extent a response is deemed necessary, Defendant lacks

---

[1] Plaintiff SFF seemingly resides and has its principal place of business in the District of Arizona. *See e.g.* ECF 1-3, at FN 12.

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs numbered 16 through 73.

## Plaintiffs' FOIA Requests

74-77.   The paragraphs numbered 74 through 77 of the Complaint contain Plaintiffs' characterization of this lawsuit and conclusions of law for which no response is required.  To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs numbered 74 through 77.

78.   Defendant admits Plaintiffs submitted FOIA requests to DoD components. The remainder of paragraph 78 of the Complaint contains Plaintiffs' characterization of this lawsuit and conclusions of law, for which no response is required.

79.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

80.   Admit.

81.   Admit.

82.   Admit that in a phone conversation on August 31, 2022, OIG acknowledged receipt of Plaintiffs' FOIA requests and did not provide a formal written response.  The remainder of Paragraph 82 contains characterizations of this lawsuit and conclusions of law, to which no response is required.

83.   Admit.

84.   Admit.

85.   Admit that in a phone conversation on October 27, 2022, SOCOM acknowledged receipt of Plaintiffs' FOIA requests and did not provide a formal written

response.  The remainder of Paragraph 85 contains characterizations of this lawsuit and conclusions of law, to which no response is required.

86. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

87. Admit.

88. Defendant admits Plaintiffs submitted supplemental FOIA requests to OSD and CENTCOM, only to the extent supported by the referenced document, which is the best evidence of its contents.  The remainder of Paragraph 88 contains characterizations of this lawsuit and conclusions of law, to which no response is required.

89. Admit.

90. Admit OSD provided a final written response dated, March 6, 2023, only to the extent supported by the referenced document, which is the best evidence of its contents, and that Plaintiffs filed an administrative appeal on March 31, 2023.

91. Admit only to the extent supported by the referenced document, which is the best evidence of its contents.

92. Admit only to the extent supported by the referenced document, which is the best evidence of its contents.

93-94. The Paragraphs numbered 93 through 94 contain Plaintiffs' characterizations of this lawsuit and conclusions of law, to which no response is required. To the extent a response is required, Defendant admits Plaintiffs submitted FOIA requests to OSD and OIG and denies the remainder of the Paragraphs numbered 93 through 94.

95. Admit.

96. Paragraph 96 sets forth Plaintiffs' characterization of this lawsuit and conclusions of law, for which no answer is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96.

97. Admit Defendant has not produced records to date based on the FOIA requests referenced in the Complaint. The remainder of paragraph 97 contains Plaintiffs' characterization of this lawsuit and conclusions of law, for which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 97.

## CAUSES OF ACTION

98. Defendant's responses to Paragraphs 1 through 97 are incorporated by reference, as if set forth fully herein, as Defendant's response to Paragraph 98.

99-102. The paragraphs numbered 99 through 102 of the Complaint contain conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraphs numbered 99 through 102.

## REQUESTED RELIEF

The "wherefore" paragraphs numbered 1 through 7 of the Complaint, below the header "Requested Relief," contain a prayer for relief to which no response is required. To the extent that a response is required, Defendant denies that Plaintiffs are entitled to any of the relief requested in this Section.

***

Defendant hereby denies each and every allegation in the Complaint not expressly admitted or qualified above and deny that Plaintiffs are entitled to the relief requested or to any other relief.

## DEFENSES

Defendant reserves its right to amend, alter and supplement the defense contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of the litigation.

### FIRST AFFIRMATIVE DEFENSE

The complaint should be dismissed in whole or in part for failure to state a claim upon which relief may be granted and for failure to comply with the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE

The FOIA request that is the subject of this lawsuit implicates certain information that is protected from disclosure by one or more statutory exemptions or exclusions. Compelling disclosure of such information is not required or permitted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' FOIA requests are vague, overbroad, and fail to reasonably describe the records sought with sufficient particularity as required by FOIA.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' FOIA requests seek records that would be unreasonably and unduly burdensome for Defendant to process.

### FIFTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the complaint in part because Plaintiffs failed to exhaust their administrative remedies.

## **SIXTH AFFIRMATIVE DEFENSE**

Defendant asserts that they have, or may have, additional affirmative defenses that are not known at this time, but which may be ascertained during litigation. Defendant specifically preserve these and other affirmative defenses as they are ascertained during litigation, including those required by Federal Rules of Civil Procedure 8 and 12

\* \* \*

WHEREFORE, Defendant respectfully requests this Court to enter judgment in its favor and award Defendant such other and further relief as this Court deems just and proper.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

_____/s/_____
J. Brian Meskill (ct29611)
Assistant United States Attorney
157 Church Street
New Haven, CT 06510
Telephone: (203) 821-3700
Fax: (203) 773-5373
Email: Brian.Meskill@usdoj.gov