CONNECTICUT VETERANS LEGAL CENTER and STRONGHOLD FREEDOM FOUNDATION,

*Plaintiffs*,

v.

DEPARTMENT OF DEFENSE,

*Defendant*.

Civil Action No. 3:23-cv-00408-KAD

February 22, 2024

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR AN EXTENSION OF TIME

Plaintiffs, Stronghold Freedom Foundation and Connecticut Veterans Legal Center, respectfully oppose Defendant's February 22, 2024, Motion for Extension of Time. ECF No. 37. In opposition, Plaintiffs state as follows:

1. This is Defendant's fourth motion for an extension of time in this Freedom of Information Act case.

2. Defendant previously filed motions for—and the Court granted—three extensions of the Final Scheduled Production in the Court's Joint Scheduling Order, totaling 92 days in all. ECF Nos. 25, 30, 31, 32, 33, 34, 35. Plaintiffs did not object to any of these requests.

3. In the third motion for an extension of time, Defendant reaffirmed the timeline in the Court's Scheduling Order, ECF No. 25, in that "Defendant shall file its Motion for Summary Judgment no later than 60 days from December 29, 2023, and the other deadlines emanate accordingly." ECF No. 34.

4. On November 30, 2023, Plaintiffs notified Defendant that they would not consent to any further extensions of the production schedule. *See* E-mail from Caroline Korndorffer to Brian Meskill, Nov. 30, 2023 (on file with author).

5. On February 20, 2024, Defendant notified Plaintiffs of its intent to seek either a 30-day extension of its deadline to move for summary judgment regarding its (b)(3), (b)(5), and (b)(6) withholdings, or a 90-day extension if Plaintiffs did not withdraw their request for material Defendant claimed was exempt under (b)(1), because Defendant would have to submit the (b)(1) documents for Original Classification Authority (OCA) review. *See* E-mail from Brian Meskill to Michael Wishnie, Feb. 20, 2024 (on file with author).

6. On February 21, 2024, Plaintiffs responded that Defendant had had more than five months to submit its (b)(1) documents to OCA review; Plaintiffs had notified Defendant of their intent to challenge those withholdings on January 19, 2024, ten days before the Parties filed the Joint Status Report confirming Defendant's summary judgment deadline of February 27, 2024, *see* ECF No. 36; and Plaintiffs had previously consented to three additional month-long extensions. *See* E-mail from Hillary Browning to Brian Meskill, Feb. 21, 2024 (on file with author).

7. In light of the above, Plaintiffs notified Defendant that they would not consent to any further extensions. *Id*.

8. For the Court to grant a motion for an extension of time, Defendant must show good cause, which "requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension." D. Conn. L. Civ. R. 7(b)(1).

9. Defendant has not shown good cause to justify an extension. Here, Defendant has not articulated any basis to extend the briefing timeline other than simply needing more time to

accomplish readily foreseeable tasks. As Judge Meyer has noted, a party's lack of planning is not good cause to unilaterally alter the Scheduling Order. *McDaniel v. Town of Enfield*, 227 F. Supp. 3d 195, 197 (D. Conn. 2016) ("The dates set forth in a scheduling order are not mere guidelines or suggestions. The dates are not subject to unilateral postponement by counsel as convenience might beckon or as absence of foresight and planning might seem at the last moment to make necessary.").

10.     Specifically, Defendant requests an extension of time to "finalize declarations from [Defendant's] subcomponents" to "adequately explain to the Court whether the redacted information is currently and properly classified[.]" ECF No. 37 at 3. Yet Defendant has already withheld the redacted information pursuant to 5 U.S.C. § 552(b)(1), which assumes a prior assessment of whether the information is properly classified. *See Am. Civil Liberties Union v. Dep't of Just.*, 681 F.3d 61, 69 (2d Cir. 2012) ("Exemption 1 permits the Government to withhold information specifically authorized under criteria established by an Executive order to be kept secret . . . *if that information has been properly classified*[.]") (emphasis added) (alterations omitted). Defendant fails to explain why it did not properly assess the withheld information to ensure that the redactions abide by statute *prior* to withholding that information and finalize declarations for the Court's review at that stage of review, but its failure to do so is not "good cause" to warrant a 60-day extension of the briefing schedule four business days before Defendant's brief is due.

11.     Defendant also asserts that "the undersigned has had limitations in time to confer with Defendant and its subcomponents regarding declarations due to competing work since the final production[.]" ECF No. 37 at 3. But "[t]he dates set forth in a scheduling order are not mere guidelines or suggestions." *McDaniel v. Town of Enfield*, 227 F. Supp. 3d at 197.

12. Plaintiffs understand that professional schedules can be taxing. So too are the challenges faced by Karshi-Khanabad (K2) veterans sickened, sometimes lethally, by the poisonous substances to which they were exposed during their faithful service. Without the records at issue in this case, many K2 veterans and their doctors have been unable to manage care and treatment of terrible cancers and other illnesses resulting from their time at K2.

13. For example, one veteran who deployed to K2 suffered from improperly diagnosed ailments for years until evidence of toxic exposure at the site from a 2019 document allowed him to access care which resulted in his current diagnosis of nerve fiber neuropathy. ECF No. 1 ¶¶ 69-70. Plaintiffs stated at the outset of this litigation that K2 veterans need the documents in Defendant's possession to obtain adequate medical diagnoses and treatment. It has been eighteen months since Plaintiffs first filed their requests. Continued delay in the adjudication of their claims under 5 U.S.C. § 552 will only further prejudice K2 veterans.

For the above stated reasons, Plaintiff respectfully asks this Court to deny Defendant's Motion for an Extension of Time.

Dated: February 22, 2024

Respectfully Submitted,

/s/ Michael J. Wishnie
Hillary Browning, Law Student Intern
Michael Sullivan, Law Student Intern
Natalia Friedlander, ct31510
Michael J. Wishnie, ct27221
Jerome N. Frank Legal Services Organization
Veterans Legal Services Clinic
Yale Law School
P.O. Box 209090
New Haven, CT 06520-9090
Tel: (203) 432-4800

*Counsel for Plaintiffs*
